IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Derrick McDonald, | ) | Case No. 8:23-cv-00982-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Tonya James, | ) | |
| | ) | |
| Respondent. | ) | |
| _____) | | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a Motion for Summary Judgment and Return and Memorandum on July 5, 2023. ECF Nos. 20, 21. Petitioner filed a Response in Opposition. ECF No. 25. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On January 18, 2024, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted and the Petition be denied. ECF No. 27. Petitioner filed objections.[1] ECF No. 29.

---

[1] Upon review of Petitioner's objections, the undersigned noted that Petitioner appeared to request additional time to file objections and indicated a desire to amend the Petition. The Court granted Petitioner 14 days to file any supplemental objections or motion to amend. ECF No. 31. To date, the Court has not received any further filings by

1

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court

---

Petitioner. Accordingly, the Court proceeds to an evaluation of this action as it currently stands.

may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).  Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **DISCUSSION**

As an initial matter, the Magistrate Judge provides a thorough recitation of the background facts and relevant law, which the Court incorporates by reference. As stated above, the Magistrate Judge recommends granting the Motion for Summary Judgment, and Petitioner objects.

### *Ground One*

In Ground One, Petitioner asserts that "[t]he PCR court erred in reversing its order to grant Petitioner's PCR due to overwhelming evidence of guilt, when evidence used to make that determination was not viewed in light of trial counsel's errors." ECF No. 1 at 5. The Magistrate Judge recommends granting summary judgment as to this Ground. ECF No. 27 at 20. In his objections, Petitioner states that the "state court's decision on 59e was contrary to clearly established Federal Law." ECF No. 29 at 2.

Upon de novo review, the Court agrees with the recommendation of the Magistrate Judge. It appears from the record before the Court that the PCR court determined that

3

trial counsel was not deficient and ruled accordingly. Based upon the record before it, the PCR court's determination in this regard was not unreasonable under *Strickland*. Therefore, summary judgment is granted as to Ground One.

***Ground Two***

In Ground Two Petitioner asserts that the PCR court erred in reversing its decision to grant Petitioner's PCR application as to his claim that trial counsel was ineffective for failing to present a defense at trial. ECF No. 1 at 7. The Magistrate Judge considered this claim on the merits[2] and recommends granting summary judgment. ECF No. 27 at 20–22. Upon de novo review, the Court agrees.

In the order ruling on the motion for reconsideration and denying Petitioner's PCR application, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). App. 2039. The PCR court found that,

> Applicant argues trial counsel was ineffective for failing to present a defense on Applicant's behalf. Specifically, Applicant argues trial counsel should have presented evidence to the jury that Applicant's statement to law enforcement was not given freely, knowingly, and voluntarily, much like the witnesses he presented at the Denno hearing including Applicant.
>
> At the evidentiary hearing, both Applicant and trial counsel testified that in retrospect, they now wish Applicant had testified in his own defense. These hindsight reflections come

---

[2] The Magistrate Judge also considered an alternative version of the claim, which she found to be non-cognizable. The Court will address this interpretation below.

> nearly a decade after the trial and only upon the convictions of Applicant and sentence of thirty-five years imprisonment. However, counsel testified at the time of trial, he made a strategic decision not to present evidence, including the testimony of Applicant. Moreover, the record reveals Applicant made the decision not to testify on his behalf after engaging in a thorough colloquy with the trial court. See Trial Tr. 1292-94, 1315.
>
> "The United States Supreme Court has cautioned that 'every effort be made to eliminate the distorting effects of hindsight' and evaluate counsel's decisions at the time they were made." Edwards v. State, 392 S.C. 449, 456–57, 710 S.E.2d 60, 64 (2011) (citing Strickland, 466 U.S. at 689). Accordingly, PCR courts must be wary of second-guessing trial counsel's tactics. Whitehead v. State, 308 S.C. 119, 122, 417 S.E.2d 529, 531 (1992). To achieve the goal of "eliminat[ing] the distorting effects of hindsight," PCR courts must be wary of attorneys' statements at an evidentiary hearing second-guessing earlier strategic decisions against calling witnesses and instead "focusing [its] attention on what [Applicant]'s counsel knew at the time he made his decisions." Edwards, 392 S.C. at 458, 710 S.E.2d at 65.
>
> Here, trial counsel testified as to his strategic decision not to present Applicant or any other witnesses during Applicant's trial. This Court must give the adequate weight required to trial counsel's strategic decision not to present a defense, and accordingly, finds that counsel was not deficient. Moreover, Applicant cannot establish that he was prejudiced by this purported deficient performance in light of the overwhelming and compelling evidence of Applicant's guilt. See McDonald, 412 S.C. at 143, 771 S.E.2d at 845.

App. 2058–59. The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme

Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

In his objections, Petitioner objects to the Magistrate Judge's statement that a fair-minded jurist could agree with the PCR court's determination. ECF No. 29 at 3–4. He requests that a fair-minded jurist be permitted to hear his claims. He objects to the Magistrate Judge's acceptance of the Supreme Court of South Carolina's finding that there is overwhelming evidence of his guilt. He contends that this evidence should not be used against him when trial counsel did not present a defense on his behalf. He also takes issue with the idea that failing to present a defense was in his best interest and contends that this was not a valid trial strategy.

As explained in more detail by the Magistrate Judge and the PCR court, fair-minded jurists could agree that the decision not to present a defense was a valid, strategic decision. At the PCR hearing, trial counsel testified that having the last argument in front of the jury was "something that's extremely important." App. 1839. He further stated that, at the time of trial, he "wanted the last shot at the jury." App. 1840. Therefore, upon review of evidence in the record and in light of the standard of review applicable to § 2254 cases, the Court agrees with the Magistrate Judge that the PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an

unreasonable application of applicable Supreme Court precedent nor did it confront a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrive at a different result.

The Court further agrees with the Magistrate Judge that fair-minded jurists could agree with the PCR court that, given the overwhelming evidence of guilt, any deficiency in failing to present a defense was not prejudicial.  Petitioner objects to this conclusion by the state courts but he has not provided any support for his assertion that this Court should disregard a finding by the Supreme Court of South Carolina.  Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court finds that Petitioner has not met the standard for relief pursuant to § 2254.[3]  Accordingly, summary judgment is granted as to Ground Two.

---

[3] The Court notes that the Magistrate Judge liberally construed Petitioner's petition and noted that he may be raising a claim that the PCR court erred by failing to give proper weight to the prior statements and rulings that it made in the hearing and first order granting Petitioner's PCR application.  The Magistrate Judge determined that this claim is not cognizable on federal habeas review.

Petitioner objects to the Magistrate Judge's recommendation. ECF No. 29 at 3.  In support of this argument, he questions "[w]hen is the Federal Court responsible in protecting the rights of prisoners?"  He further states that he has not brought a claim for ineffective assistance of PCR counsel.

Upon review, the Court agrees with the Magistrate Judge that, to the extent this claim is being pursued by Petitioner, it is non-cognizable.  *See Bowen v. Williams*, C/A No. 1:18-cv-620-HMH-SVH, 2018 WL 7204072, at *10 (D.S.C. Nov. 26, 2018), *Report adopted by* 2019 WL 125945 (D.S.C. Jan. 7, 2019).

*Ground Three*

In Ground Three, Petitioner asserts that the PCR court erred in adopting an order that was inconsistent with its prior order. ECF No. 1 at 8. He contends that the final order, which was signed by the PCR court, did not reflect the instructions given by the PCR court's clerk as to what was to be contained in the order. The Magistrate Judge recommends finding that this claim is non-cognizable. ECF No. 27 at 22–23. Upon de novo review of the record, the Report, and the applicable law, the Court agrees. *See Bryant v. State of Md.*, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief."). Accordingly, summary judgment is granted as to Ground Three.

*Ground Four*

In Ground Four, Petitioner asserts that the PCR court erred in reversing its holding that cumulative errors resulted in a fundamentally unfair trial. ECF No. 1 at 10. The Magistrate Judge determined that this claim is procedurally defaulted because it was not raised in Petitioner's appeal from the PCR court's decision. ECF No. 27 at 23–24. The Magistrate Judge further determined that, even if the claim had been preserved, it would fail on the merits.

Petitioner objects "to any idea that any issue he had is not preserved for review." ECF No. 29 at 2. He states that a finding of procedural default "deliberate[ly] disregard[s] . . . state writ counsel's place or part in petitioner's issues not being presented at the state

8

level . . . ." He further seems to allege he is actually innocent such that the Court should consider the merits of his claim.

With respect to Petitioner's arguments that the default should be excused either due to his own lack of knowledge or because of ineffective assistance of PCR appellate counsel, both arguments are overruled. *Walker v. Bishop*, No. CV TDC-20-1076, 2023 WL 6311472, at *4 (D. Md. Sept. 28, 2023) (collecting cases including *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (holding that a petitioner's pro se status, ignorance of the law and procedural requirements, and limited access to a law library did not establish cause to excuse a procedural default)); *Mahdi v. Stirling*, 20 F.4th 846, 898 (4th Cir. 2021) ("[I]neffective assistance of *appellate* postconviction counsel ... do[es] not constitute cause for [a petitioner's] failure to exhaust under the limited exception in *Martinez* [*v. Ryan*, 566 U.S. 1 (2012)]." (citation and internal quotation marks omitted)).

Turning to Petitioner's actual innocence claim, the Court first notes that this allegation is being raised for the first time in his objections; accordingly, it has not been reviewed by the Magistrate Judge. Nevertheless, the Court finds that Plaintiff has failed to establish actual innocence sufficient to eliminate the procedural bar.

As an alternative to demonstrating cause for failing to raise the claim, a petitioner may show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Murray v. Carrier,* 477 U.S. 478, 496 (1986) (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is

9

actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To demonstrate this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

Petitioner has not met this stringent standard. *See House v. Bell*, 547 U.S. 518, 522 (2006) ("In certain exceptional cases involving a compelling claim of actual innocence, however, the state procedural default rule is not a bar to a federal habeas corpus petition." (citing *Schlup v. Delo,* 513 U.S. 298, 319–322 (1995)). As noted above, other courts have found that there is overwhelming evidence of Petitioner's guilt. While he disagrees with this analysis, the fact remains that there is sufficient evidence in the record to preclude a finding that he has demonstrated actual innocence.

Further, even if Petitioner could overcome the procedural default, the Magistrate Judge determined that his claim fails on the merits. Upon de novo review of the record, the Report, and the applicable law, the Court agrees with the Magistrate Judge. *See United States v. Russell*, 34 F. App'x 927, 927 (4th Cir. 2002) ("*Fisher* [*v. Angelone*, 163 F.3d 835, 852 (4th Cir. 1998),] . . . held that it is not appropriate to consider the cumulative effect of attorney error when the individual claims of ineffective assistance do not violate the defendant's constitutional rights."). Accordingly, summary judgment is granted as to Ground Four.

## **CONCLUSION**

Therefore, based on the foregoing, the Court agrees with the recommendation of the Magistrate Judge.  Respondent's Motion for Summary Judgment [21] is **GRANTED** and the Petition is **DENIED**.

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

March 28, 2024
Spartanburg, South Carolina